JS 44 (Rev 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ALEXANDRA JESUS

**(b)** County of Residence of First Listed Plaintiff   BUCKS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane Schiff, Esq., Console Mattiacci Law, 1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

## DEFENDANTS

CITY OF PHILADELPHIA

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U S Government Plaintiff
- [ ] 2  U S Government Defendant
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U S Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq; 43 P.S. § 951, et seq.; Phila. Code § 9-1101, et seq

Brief description of cause:
Plaintiff was discriminated against based on her age and/or pregnancy and retaliated against for her complaints of same, in violation of local, state, and federal law.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See Instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   05/23/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ALEXANDRA JESUS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            ( X )

| | | |
|---|---|---|
| 05/23/2023 | | Plaintiff, Alexandra Jesus |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-565-2859 | schiff@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Bensalem, PA 19020 _____

Address of Defendant: _____ 1401 John F. Kennedy Boulevard, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/23/2023 _____ _____ 314179
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify)* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Lane Schiff _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 05/23/2023 _____ _____ 314179
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXANDRA JESUS**<br>Bensalem, PA 19020<br><br>*Plaintiff,*<br><br>v.<br><br>**CITY OF PHILADELPHIA**<br>1401 John F. Kennedy Boulevard<br>Philadelphia, PA 19102<br><br>*Defendant.* | CIVIL ACTION NO.:<br><br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## I.    <u>INTRODUCTION</u>

Alexandra Jesus ("Plaintiff") brings this action against her employer, the City of Philadelphia ("Defendant"). Defendant has subjected Plaintiff, a Fire Service Paramedic with Defendant's Fire Department, to unlawful discrimination because of her sex (female) and pregnancy, and to unlawful retaliation because of Plaintiff's complaints of sex and pregnancy discrimination. Plaintiff now brings her claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"); and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"). Plaintiff seeks all appropriate relief, including back-pay, front-pay, compensatory damages, and attorneys' fees and costs.

## II.    <u>PARTIES</u>

1.    Plaintiff is an individual and a citizen of the Commonwealth of Pennsylvania. She resides in Bensalem, PA 19020.

2.    Plaintiff is female.

3.      Defendant, the City of Philadelphia, is a political subdivision of the Commonwealth of Pennsylvania, with its principal office located at 1401 John F. Kennedy Boulevard, Philadelphia, PA 19102.

4.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

5.      At all times material hereto, Defendant employed fifteen (15) or more employees.

6.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant' business.

7.      At all times material hereto, Defendant acted as an employer within the meanings of Title VII, the PHRA, and the PFPO.

8.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III.    JURISDICTION AND VENUE

9.      The causes of action which form the basis of this matter arise under Title VII, the PHRA, and the PFPO.

10.      The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. §1331.

11.      The District Court has supplemental jurisdiction over Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. § 1367.

12.      Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5(f).

13.     On or about July 12, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") that was duly transferred to the Philadelphia Commission on Human Relations ("PCHR") complaining of the acts of sex and pregnancy discrimination and retaliation alleged herein. Attached hereto and incorporated herein and marked as Exhibit "1" is a true and correct copy of the Charge of Discrimination (with personal identifying information redacted).

14.     On or about December 1, 2021, Plaintiff filed a second Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") that was cross-filed with the EEOC complaining of the acts of sex and pregnancy discrimination and retaliation alleged herein. Attached hereto and incorporated herein and marked as Exhibit "2" is a true and correct copy of the Charge of Discrimination (with personal identifying information redacted).

15.     On or about February 23, 2023, the EEOC issued a Dismissal and Notice of Rights for Plaintiff's first Charge of Discrimination. Attached hereto and marked as Exhibit "3" is a true and correct copy of that notice (with personal identifying information redacted).

16.     On or about February 23, 2023, the EEOC issued a Dismissal and Notice of Rights for Plaintiff's second Charge of Discrimination. Attached hereto and marked as Exhibit "4" is a true and correct copy of that notice (with personal identifying information redacted).

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

18.     Plaintiff was hired by Defendant in December 2014 into the role of Emergency Medical Technician ("EMT").

3

19.    Plaintiff currently holds the position of Fire Service Paramedic ("FSP") with Defendant's Fire Department.

20.    Plaintiff reports to Steven McCloskey (male), Lieutenant of the A-Platoon, directly supervising the Medic Units under Emergency Services-11 ("ES-11").

21.    McCloskey reports to Russell Bryant (male), Captain.

22.    Bryant reports to Kevin Carey (male), Battalion Chief.

23.    On each day, McCloskey has approximately eighteen (18) employees across the Medic Units in ES-11 reporting to him.

24.    The overwhelming majority of the employees reporting to McCloskey are male.

25.    Plaintiff is one of the two (2) female FSP employees reporting to McCloskey.

26.    On November 11, 2020, Plaintiff gave birth and initiated maternity leave.

27.    On February 24, 2021, while still on maternity leave, Plaintiff submitted an accommodation request with Defendant to ensure that she would have access to a private, sanitary space to express breast milk upon her return to work the following month.

28.    Plaintiff needed to express breast milk approximately every three (3) hours.

29.    On March 23, 2021, Plaintiff returned to work from her maternity leave and soon thereafter was placed on a month-long detail where she was advised to use the communal gym to express breast milk.

30.    The communal gym had no lock and a faulty door.

31.    Defendant failed to provide Plaintiff with a private, sanitary space to express breast milk.

32.    On April 5, 2021, Plaintiff complained to Human Resources at Defendant about the sex and pregnancy discrimination she was facing due to her request for lactation support.

33.     On April 20, 2021, Joseph Zimmerman (male), Captain, told Plaintiff that another station had called to say that Plaintiff and her coworkers were not going into service fast enough.

34.     When Plaintiff responded by stating that she was unable to control the length it takes to express breast milk, Zimmerman told her preceptor, Alex Tognav (male), FSP, that he was responsible for Plaintiff, and repeated himself by stating that, "that they called for a reason" and asking whether his orders had been understood.

35.     On April 28, 2021, Herrell Jackson (male), Fire Service EMT (""FSE"), used vulgar language referring to Plaintiff's breasts, asking, "how often you have to empty them?", or words to that effect.

36.     Jackson also questioned Plaintiff about her lactation needs by asking, "Going out of service again?", "You gotta go pump?", and "How many times do you have to do that", and made other comments to Plaintiff related to her lactation needs such as, "I counted how many times you go out" and "you only end up working 8 hours."

37.     On May 6, 2021, Defendant assigned Plaintiff to a location without a lactation room.

38.     On May 6, 2021, Plaintiff made a hardship request with Defendant to be assigned to a permanent location with a lactation room, but the transfer was never completed.

39.     On May 7, 2021, Defendant assigned Plaintiff to a location without a lactation room.

40.     On May 8, 2021, Defendant assigned Plaintiff to a location without a lactation room.

41.     On May 8, 2021, when Plaintiff called to advise she was going out of service to express breast milk, William ("Bill") Stahl (male), Lieutenant, replied, "seriously, you just got on?" and "sounds like bullshit to me."

42.     On May 17, 2021, when Plaintiff responded to a status check from Stahl by advising him that she needed a lactation break, he replied, "Can't you wait, we have no medic units?"

43.     On May 22, 2021, Defendant assigned Plaintiff to a location without a lactation room.

44.     On June 30, 2021, Emani Tart (female), FSP, was transferred to a station where Plaintiff had previously been assigned.

45.     On July 1, 2021, Defendant installed a lock on the door to the communal bathroom to accommodate Tart, who also required lactation support, despite never having done so for Plaintiff.

46.     Tart did not require use of a lactation room to express breast milk as frequently as Plaintiff.

47.     To the best of Plaintiff's knowledge, Tart had not previously complained of sex and/or pregnancy discrimination by Defendant.

48.     During the months when Plaintiff did not have access to a private, sanitary space to express breast milk while at work, she used her personal vehicle to do so.

49.     On July 2, 2021, Plaintiff learned that a coworker, Dale Schroeder (male), FSP, had taken video of her expressing breast milk in her vehicle.

50.     On July 2, 2021, following the above, in an email to Aasiyah Mackie-Bey (female), Human Resources, Plaintiff stated the following: "It is with extreme disappointment and discomfort that I am emailing you today. I was advised this morning that an FSP had recorded me

6

against my knowledge or consent whilst I was pumping. Now while I have previously expressed issues surrounding lactation support and previous harassment, please understand that I sought the privacy of my own vehicle in the stations parking lot due to the fact that lactation support measures were not taken at the station for the approximately 3 months I have been here. The larger matter at this time is the sexual harassment that I am continuing to encounter, the deformation of character and the absolute disregard for a woman's rights. I feel violated, disrespected and saddened that this has occurred and even more so that it has been out there for weeks as numerous members have apparently been made aware of said video and have not come forward. I wanted to let HR know of this continued issue and also inform you that I will be submitting a memo through the chain of command to the SIO's office as a formal complaint. This email is for informative purposes and in hopes that the lack of support and disregard for sexual harassment claims can be avoided in the future for all women/ mothers employed by the Fire Department."

51.    Plaintiff went on to submit a Memorandum to Adam K. Thielo (male), Fire Commissioner, which stated: "This memo serves to recount for the events of 07/02/2021 and past events. While at Aria Frankford Hospital I was approached by FSP K. McCrory (Medic 2/B) and advised that FSP D. Schroeder (who was previously assigned at Medic 32, where I am detailed for 6 months to ride as a second) filmed me (presumably on his cellular device) while I was expressing milk in my privately owned vehicle. The reason for using my POV is due to numerous issues (no designated lactation room to serve as an example) with lactation support needs and a lock was only installed on 07/01/2021 due to FSP Tart being transferred to Medic 32. I have previously tried to resolve these lactation matters with HR and have also advised them of sexual harassment occurrences including the video in question and was dismissed and told my perspective was "skewed". Additionally, FSP K. McCrory implied that FSP D. Schroeder had shown this video to

numerous people but denied that she had seen it. I then asked FSP S. Brunelli if he was aware of the video and he stated that someone from Medic2/ Engine 7/ Ladder 10 had spoken to him about it but did not tell me, presumably because he thought I specifically did not mention it. Unfortunately I can only approximate the date/time that I believe this video was taken. I have only had exchanges with FSP D. Schroeder during change of shift. I was detailed to Medic 32 on 05/07/2021. Effective relief exchanges on 06/08/2021, and other additional unknown dates due to MXTs/ OT shifts. I have, throughout my return from maternity leave encountered more sexual harassment then should ever be tolerated. Lactation support throughout the department is grossly lacking and despite mandatory sexual harassment training there is a plethora of ignorance surrounding this subject. This has created a hostile work environment, whether it be from surrounding companies or directly from supervisors and makes this a traumatic and stressing experience that I have to endure every shift. I feel extremely violated and hope that going forward no other females have to encounter such an issue from those who are supposed to be supportive."

52.    Plaintiff received no response from Defendant after her July 2, 2021 complaints.

53.    On July 3, 2021, Defendant assigned Plaintiff to a location without a lactation room.

54.    On July 4, 2021, Defendant assigned Plaintiff to a location without a lactation room.

55.    On July 4, 2021, after Plaintiff called Stahl to advise that she would be out of service to express breast milk, he responded by saying it "seem[ed] convenient."

56.    On July 12, 2021, Plaintiff filed a Charge of Discrimination with the EEOC against Defendant, alleging sex and pregnancy discrimination and retaliation for engaging in protected activity and seeking reasonable accommodations for her recent pregnancy, including lactation support.

57.     Plaintiff informed Defendant, including Karl Schujko (male), Captain; Jeffrey Thompson (male), Chief of Special Investigations Office; and Bethanne Jabolonski (female), Lieutenant, that she had filed an EEOC Charge.

58.     After Plaintiff filed her EEOC Charge, she was treated in a hostile and dismissive manner, and differently and worse than how male and/or not recently pregnant and/or noncomplaining employees and/or employees who had not sought reasonable accommodations for a pregnancy were treated.

59.     Each time Plaintiff needed to take a break to pump breast milk, which was approximately every three (3) hours, Defendant required her to alert the entire North Medic Unit, over radio, that she was taking a break.

60.     Defendant unjustly criticized Plaintiff's performance.

61.     On July 16, 2021, Plaintiff's EEOC Charge was transferred to the PCHR.

62.     On July 17, 2021, Defendant assigned Plaintiff to a location without a lactation room.

63.     On July 19, 2021, Defendant assigned Plaintiff to a location without a lactation room.

64.     On August 4, 2021, Defendant assigned Plaintiff to a location without a lactation room.

65.     On August 11, 2021, while Plaintiff was pumping breast milk and marked as out of service, her station received a phone call and was instructed to have the medic unit go back into service.

66.     On August 26, 2021, Plaintiff was approved for intermittent FMLA leave due to the sex-, pregnancy-, and retaliatory-based hostile work environment to which she had been subjected.

9

67.     On September 6, 2021, Defendant assigned Plaintiff to a location without a lactation room.

68.     On September 21, 2021, Defendant assigned Plaintiff to a location without a lactation room.

69.     On September 22, 2021, Defendant assigned Plaintiff to a location without a lactation room.

70.     On September 29, 2021, Defendant assigned Plaintiff to a location without a lactation room.

71.     On September 29, 2021, Wendell Hill (male), FSE, made comments to Plaintiff of a sexual nature, including that Plaintiff would melt in his mouth, not in his hands, and that, if he got anyone pregnant it was because he was thinking about Plaintiff.

72.     On October 30, 2021, Plaintiff received notice that Defendant had filed its Answer to her Charge with the PCHR.

73.     On November 3, 2021, Defendant assigned Plaintiff to a location without a lactation room.

74.     On November 17, 2021, Defendant assigned Plaintiff to a location without a lactation room.

75.     On November 19, 2021, Defendant assigned Plaintiff to a location without a lactation room.

76.     On November 24, 2021, Defendant assigned Plaintiff to a location without a lactation room.

77.     On November 30, 2021, Defendant assigned Plaintiff to a location without a lactation room, and told Plaintiff that she would be stationed there indefinitely.

78.    On November 30, 2021, following the above, when Plaintiff told Mike Whalen (male), Captain, that she had the accommodation of lactation support, he instructed Plaintiff to make sure that she was doing what she should be doing when she takes a lactation break and to make sure she was not sleeping in her car instead.

79.    Whalen also told Plaintiff that she was inconveniencing the medic unit when she went out on pumping breaks.

80.    Whalen further stated that he did not believe that lactating women should be out on the street, full duty, as Plaintiff was.

81.    Whalen asked Plaintiff: "what if kids died in a fire while you are taking a pumping break?", or words to that effect.

82.    On November 30, 2021, following the above, in an email to Human Resources, Plaintiff stated the following: "I just wanted to advise you that as of this morning after checking the staffing quotas, I had realized that I was detailed to medic six. Upon my arrival at medic 6 I had a conversation with Captain Mike Whalen and had asked if he was aware that I was under lactation support. He stated that he was aware and that he had emailed HR for the policy. Please be aware that there is no lactation room available at the station and that Captain Whalen advised me to text him or make him aware when I would be going out of service as he needs to document medic unit out of service times and proceeded to give me his personal cell phone number for this use. He also let me know and that he personally does not think members who are lactating should be out on the street full duty and should be duties as assigned and that I am now causing an issue because the medic unit will be out of service a quarter of the time and if this is going to be the policy then it needs to go across to the fire side as well which causes an issue because 'what if there is a building fire and three kids die because a member is out of service'."

11

83.    Plaintiff received no response to her above email.

84.    Plaintiff was treated differently and worse, and in a more hostile and dismissive manner, than how male and/or not recently pregnant and/or noncomplaining employees and/or employees who had not sought reasonable accommodations for a pregnancy were treated.

85.    Defendant assigned Plaintiff to locations without lactation rooms because of her sex and/or pregnancy and/or her engaging in protected activity and/or her seeking reasonable accommodations for pumping breast milk.

86.    Defendant failed to provide Plaintiff with lactation support accommodations.

87.    Plaintiff has received no further communication from Defendant regarding her sex and pregnancy discrimination and retaliation complaints or lactation support accommodation requests.

88.    Defendant failed to investigate Plaintiff's complaints of sex and pregnancy discrimination and retaliation.

89.    Defendant failed to prevent or address the sex and pregnancy discrimination and retaliation referred to herein and further failed to take corrective and remedial measures to make the workplace free of harassing, discriminatory, and retaliatory conduct.

90.    Defendant subjected Plaintiff to a hostile work environment because of her sex and/or her pregnancy and/or her complaints of sex and pregnancy harassment and discrimination and/or her seeking reasonable accommodations for lactation support.

91.    The sex-, pregnancy-, and retaliatory-based hostile work environment to which Plaintiff has been subjected at Defendant constitutes a continuing violation.

92.    Other female employees of Defendant have complained of sex and pregnancy discrimination and retaliation.

93.    Defendant's actions referred to herein have established a policy and pattern of acceptance and tolerance of discrimination and harassment against women.

94.    The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

95.    The harassing, discriminatory, and retaliatory conduct of Defendant, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

96.    As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, emotional distress, and loss of life's pleasures, the full extent of which is not known at this time.

97.    Defendant acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

98.    Plaintiff is currently pregnant and expects to give birth in August 2023.

99.    Plaintiff will require lactation support upon her return to work from her future maternity leave.

100.    Plaintiff is worried about the possibility of experiencing the same discriminatory and retaliatory conduct by Defendant that she experienced after her last pregnancy.

13

## COUNT I – TITLE VII

101.    Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

102.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

103.    Said violations were intentional and willful.

104.    As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

105.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

106.    No previous application has been made for the relief requested herein.

## COUNT II – PHRA

107.    Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

108.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PHRA.

109.    Said violations were intentional and willful.

110.    As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

111.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

112.    No previous application has been made for the relief requested herein.

**COUNT III – PFPO**

113.    Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

114.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PFPO.

115.    Said violations were intentional and willful.

116.    As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

117.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

118.    No previous application has been made for the relief requested herein.

**<u>RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) declaring the acts and practices complained of herein to be a violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) declaring the acts and practices complained of herein to be in violation of the PFPO;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(f) awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and

future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will
continue to suffer as a result of Defendant's discriminatory, retaliatory, and unlawful
misconduct;

(g) awarding compensatory damages to Plaintiff for past and future emotional upset, mental
anguish, humiliation, loss of life's pleasures, and pain and suffering, which Plaintiff has
suffered and/or may suffer as a result of Defendant's conduct;

(h) awarding Plaintiff such other damages as are appropriate under Title VII, the PHRA,
and the PFPO;

(i) awarding Plaintiff costs of this action, together with reasonable attorneys' fees; and

(j) granting such other and further relief as this Court may deem just, proper, or equitable,
including other equitable and injunctive relief providing restitution for past violations
and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: May 23, 2023                     BY:     _/s/ Lane J. Schiff_____
                                                 Lane J. Schiff
                                                 1525 Locust St., 9th Floor
                                                 Philadelphia, PA 19102
                                                 Telephone: (856) 854-4000
                                                 Facsimile: (215) 565-2852

                                                 *Attorney for Plaintiff,*
                                                 *Alexandra Jesus*

# Exhibit 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2021-02967 |

| PHILADELPHIA COMMISSION ON HUMAN RELATIONS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MS. ALEXANDRA M JESUS** | ▇▇▇▇▇▇ | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| ▇▇▇▇▇▇ | **BENSALEM,PA 19020** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **PHILADELPHIA FIRE DEPARTMENT** | **201 - 500** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **240 SPRING GARDEN ST., PHILADELPHIA, PA 19123** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **02-24-2021** | **07-05-2021** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I believe Respondent has subjected me to pregnancy discrimination based on the following allegation:**

**I was hired by Respondent in December 2014 as an EMT and I currently work as a Fire Service Paramedic. On or around February 24, 2021, I submitted an accommodation requesting access to a pump room and to this date I have not been provided an adequate accommodation. Respondent continues to fail in providing me a safe and sanitary location to pump. I was forced to pump in locations without locks like gyms, or in community rooms. Due to the lack of privacy, I had to pump in my personal vehicle at times. I complained to HR about a coworker filming me pumping while in my car and showing it to others. On April 5, 2021, I made an initial complaint to HR about the unfair treatment and harassment I was facing due to my request for lactation support. Respondent did not seem to want to help and I was forced over the time to file multiple complaints. Respondent has not taken any action on my complaint for lactation space. Respondents failure to address my discrimination led to**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Alexandra M Jesus on 07-12-2021 07:43 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2021-02967 |

| PHILADELPHIA COMMISSION ON HUMAN RELATIONS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

**the sexual harassment I experienced when my coworker filmed me pumping.**

**I allege Respondent has denied me an accommodation for a lactation space, subjected me to sexual harassment and pregnancy discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Alexandra M Jesus on 07-12-2021 07:43 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.    FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2.    AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.    PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.    ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.    WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# Exhibit 2

CITY OF PHILADELPHIA
PHILADELPHIA COMMISSION ON HUMAN RELATIONS

### SECOND COMPLAINT

|  |  |
|---|---|
| COMPLAINANT: | : |
|  | : |
| **ALEXANDRA JESUS** | :　　　Docket No. |
|  | : |
| v. | : |
|  | : |
| RESPONDENTS: | : |
|  | : |
| **CITY OF PHILADELHIA** | : |
|  | : |
| AND | : |
|  | : |
| **PHILADELHIA FIRE DEPARTMENT** | : |
|  | : |

1.  The Complainant herein is:

    Name:　　　　Alexandra Jesus

    Address:　　　███████████
    　　　　　　　Bensalem, PA 19020

2.  The Respondents herein are:

    Names:　　　City of Philadelphia; Philadelphia Fire Department

    Address:　　240 Spring Garden Street
    　　　　　　Philadelphia, PA 19123

3.  I, Alexandra Jesus, the Complainant herein, allege that I was subjected to unlawful discrimination because of my sex (female) and pregnancy and unlawful retaliation because of my complaints of sex and pregnancy discrimination, as set forth below.

**Discrimination and Retaliation**

    **A.  I specifically allege:**

[1]        I am a current employee of Respondents.

[2]        I currently hold the position of Fire Service Paramedic.

[3]        I report to Steven McCloskey (male), Lieutenant.  McCloskey reports to Russell Bryant (male), Captain.  Bryant reports to Kevin Carey (male), Battalion Chief.

[4]        I am one of the only female Fire Service Paramedic employees, out of approximately twenty-three (23) employees, reporting to McCloskey.

[5]        On July 12, 2021, I filed a Charge of Discrimination with the EEOC against Respondents, alleging sex and pregnancy discrimination and retaliation for engaging in protected activity and seeking reasonable accommodations for my recent pregnancy, including lactation support.

[6]        I informed Respondents, including Karl Schujko (male), Captain, Jeffrey Thompson (male), Chief of Special Investigations Office, and Bethanne Jabolonski (female), Lieutenant, that I filed an EEOC Charge.

[7]        After I filed my EEOC Charge, I was treated in a hostile and dismissive manner, differently and worse than how male and/or not recently pregnant and/or noncomplaining employees and/or employees who had not sought reasonable accommodations for a pregnancy were treated.

[8]        Each time I needed to take a break to pump breast milk, approximately every three (3) hours, Respondents required me to alert the entire North Medic Unit, over radio, that I was taking a break.

[9]        Respondents unjustly criticized my performance.

[10]        On July 16, 2021, my EEOC Charge was transferred to the PCHR.

[11]        On July 17, 2021, Respondents assigned me to a less desirable location without a lactation room.

[12]        On July 19, 2021, Respondents assigned me to a less desirable location without a lactation room.

[13]        On August 4, 2021, Respondents assigned me to a less desirable location without a lactation room.

[14]        On August 11, 2021, while pumping breast milk, I was instructed to get back to work.

[15]        On August 26, 2021, I was approved for intermittent FMLA leave due to the sex-, pregnancy-, and retaliatory-based hostile work environment to which I have been subjected.

[16]        On September 6, 2021, Respondents assigned me to a less desirable location without a lactation room.

[17]        On September 21, 2021, Respondents assigned me to a less desirable location without a lactation room.

[18]        On September 22, 2021, Respondents assigned me to a less desirable location without a lactation room.

[19]        On September 29, 2021, Respondents assigned me to a less desirable location without a lactation room.

[20]        On September 29, 2021, Wendell Hill (male), Emergency Medical Technician, made comments to me of a sexual nature, including that I would melt in his mouth, not in his hands, and that, if he got anyone pregnant it was because he was thinking about me.

[21]    On October 30, 2021, I received notice that Respondents filed with the PCHR Respondents' Answer to my Charge.

[22]    On November 3, 2021, Respondents assigned me to a less desirable location without a lactation room.

[23]    On November 17, 2021, Respondents assigned me to a less desirable location without a lactation room.

[24]    On November 19, 2021, Respondents assigned me to a less desirable location without a lactation room.

[25]    On November 24, 2021, Respondents assigned me to a less desirable location without a lactation room.

[26]    On November 30, 2021, Respondents assigned me to a less desirable location without a lactation room, and told me that I would be stationed there indefinitely.

[27]    On November 30, 2021, following the above, when I told Mike Whalen (male), Captain, that I had the accommodation of lactation support, he instructed me to make sure that I was doing what I should be doing when I take a lactation break and to make sure I was not sleeping in my car instead. He told me that I was inconveniencing the medic unit when I went out on pumping breaks. He stated that he did not believe that lactating women should be out on the street, full duty, as I was. He asked: what if kids died in a fire while I was taking a pumping break.

[28]    On November 30, 2021, following the above, in an email to Aasiyah Mackie-Bey (female), Human Resources, I stated the following: "I just wanted to advise you that as of this morning after checking the staffing quotas I had realized that I was detailed to medic six. Upon my arrival at medic 6 I had a conversation with Captain Mike Whalen and had asked if

he was aware that I was under lactation support. He stated that he was aware and that he had

emailed HR for the policy. Please be aware that there is no lactation room available at the station

and that Captain Whalen advised me to text him or make him aware when I would be going out

of service as he needs to document medic unit out of service times and proceeded to give me his

personal cell phone number for this use. He also let me know and that he personally does not

think members who are lactating should be out on the street full duty and should be duties as

assigned and that I am now causing an issue because the medic unit will be out of service a

quarter of the time and if this is going to be the policy then it needs to go across to the fire side as

well which causes an issue because 'what if there is a building fire and three kids die because a

member is out of service'."

[29]    I received no response to my above email.

[30]    Respondents assigned me to less desirable locations without lactation

rooms because of my sex and/or pregnancy and/or my engaging in protected activity and/or my

seeking reasonable accommodations for pumping breast milk.

[31]    Respondents failed to provide me with lactation support accommodations.

[32]    I have received no further communication from Respondents regarding my

sex and pregnancy discrimination and retaliation complaints or lactation support accommodation

request.

[33]    Respondents failed to investigate my complaints of sex and pregnancy

discrimination and retaliation.

[34]    Respondents failed to remedy or prevent the sex and pregnancy

discrimination and retaliation to which I have been subjected.

[35]    Respondents subjected me to a hostile work environment because of my sex and/or my pregnancy and/or my complaints of sex and pregnancy discrimination and/or my seeking reasonable accommodations for lactation support.

[36]    The sex-, pregnancy-, and retaliatory-based hostile work environment to which I have been subjected at Respondents constitutes a continuing violation.

[37]    Respondents failed to remedy or prevent the sex and pregnancy discrimination and retaliation at Respondents.

[38]    Other female employees of Respondents have complained of sex and pregnancy discrimination and retaliation.

[39]    Respondents' sex and pregnancy discriminatory and retaliatory conduct and comments have caused me emotional distress.

**B.**   Based on the aforementioned, I allege that Respondents have discriminated against me because of my sex (female) and pregnancy and retaliated against me because of my complaints of sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

   **X**    **Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"), Section    9-1103   .**

5.      Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

   **X**        **This charge will be referred to the EEOC for the purpose of dual filing.**

6.      The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

_11/30/2021_
(Date Signed)

_alexandra m. Jesus_
(Signature)        Alexandra Jesus
                   ███████████
                   Bensalem, PA 19020

# Exhibit 3

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

February 23, 2023

Ms. Alexandra M. Jesus
c/o Lauren C. Bateman, Esquire
Law Offices of Console & Mattiacci
1525 Locust Street, 9th Floor
Philadelphia, PA  19102

Re:  EEOC Charge Against Philadelphia Fire Dept.
    No. 530202102967

Dear Ms. Jesus:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by        /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
    Philadelphia Fire Dept.

# Exhibit 4

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

February 23, 2023

Ms. Alexandra M. Jesus
c/o Lauren C. Bateman, Esquire
Law Offices of Console & Mattiacci
1525 Locust Street, 9th Floor
Philadelphia, PA  19102

Re:  EEOC Charge Against City of Philadelphia
      No. 17G202200013

Dear Ms. Jesus:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                Sincerely,

                                Kristen Clarke
                                Assistant Attorney General
                                Civil Rights Division

                        by      /s/ Karen L. Ferguson
                                Karen L. Ferguson
                                Supervisory Civil Rights Analyst
                                Employment Litigation Section

cc: Philadelphia District Office, EEOC
    City of Philadelphia